IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CYNTHIA M. CARRASCO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 2:21-CV-228-Z |
| | § | (CRIMINAL No. 2:19-CR-158-Z) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

# MEMORANDUM OPINION AND ORDER DENYING
# MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, submitted to the prison mail system for filing on November 1, 2021 (ECF No. 2 at 10) ("Motion"). The Court did not require that a response be filed. For the reasons set forth below, the Motion to Vacate is **DENIED**.

### BACKGROUND

Petitioner moves to set aside her sentence under 28 U.S.C. § 2255. On January 29, 2020, Petitioner pleaded guilty to distribution and possession with intent to distribute heroin resulting in serious bodily injury or death in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *See* CR ECF No. 223.[1] On June 2, 2020, a sentencing hearing was held, and Judgment was entered. *See* CR ECF Nos. 224, 208. Petitioner was sentenced to 240 months in the custody of the Bureau of Prisons and five years of supervised release. CR ECF No. 208. On June 3, 2020, Petitioner filed an appeal to the Fifth Circuit Court of Appeals. *See* CR ECF No. 211. Petitioner's conviction and sentence were affirmed by written opinion November 12, 2020. CR ECF No. 237 at 1 (file stamped copy of appellate

---

[1] Record citations to Petitioner's criminal case, *United States v. Carrasco*, 2:19-CR-158-Z-BR, shall be to "CR ECF No." throughout this Opinion.

court opinion, reflecting date of issuance of the opinion).

By her Motion to Vacate, Petitioner does not assert any grounds for relief. All the pertinent sections of the form are left blank. ECF No. 2 at 6–10.

### LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted).

### ANALYSIS

Petitioner has not shown, much less made any attempt to show, that her sentence was imposed in violation of the Constitution or laws of the United States or that any other reason exists to authorize relief. Thus, Petitioner's Motion to Vacate is **DENIED**.

### CONCLUSION

For the reasons set forth above, the Motion to Vacate (ECF No. 2) filed by Petitioner, Cynthia M. Carrasco, is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED.**

August 4, 2023.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE